Lori WAGNER, Plaintiff–Appellant,

v.

FIRST UNUM LIFE INSURANCE COMPANY, Defendant–Appellee.

No. 03-7957.

United States Court of Appeals, Second Circuit.

June 14, 2004.

Peter G. Eikenberry, New York, NY, for Plaintiff–Appellant.

Patrick W. Begos, Begos & Horgan, LLP, New York, NY, for Defendant–Appellee.

Present: NEWMAN, CALABRESI, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Lori Wagner commenced this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking benefits under a long term disability policy administered by defendant-appellee First Unum Life Insurance Company ("First Unum").

Wagner asserts that the district court should have applied a *de novo* standard of review to her claim because First Unum's decision denying her long term disability benefits was affected by a conflict of interest. She has not shown, as she must, that the conflict of interest generated by First Unum's dual status as plan administrator and plan insurer "affected the reasonableness of the [administrator's] decision" to deny her long term disability benefits. *See Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1259 (2d Cir. 1996) (internal quotation marks omitted); *see also Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89, 92 (2d Cir.2000). The district court was therefore correct to review the defendant's determination under the more deferential arbitrary and capricious standard. Applying this standard of review, we also cannot say that First Unum's decision was "without reason, unsupported by substantial evidence or erro-

neous as a matter of law." *Pagan v. NYNEX Pension Plan,* 52 F.3d 438, 442 (2d Cir.1995) (internal quotation marks omitted).

 We have considered all of appellant's claims and find them meritless.[1] Accordingly, we AFFIRM the judgment of the district court.

---

[1] Wagner also asserts that the district court should have afforded her discovery to investigate the effect of First Unum's conflict of interest on the decision to deny her benefits. Notwithstanding defendant's contention that such discovery is precluded by our general statement that "under the arbitrary and capricious standard [a district court] is limited to the administrative record," *Miller v. United Welfare Fund,* 72 F.3d 1066, 1071 (2d Cir. 1995), discovery may be appropriate in some cases where a petitioner seeks to show a conflict of interest, *see Liston v. UNUM Corp. Officer Severance Plan,* 330 F.3d 19 (1st Cir. 2003) ("certain kinds of claims—*e.g.,* proof of corruption—may in their nature or timing take a reviewing court to materials outside the administrative record"); *Farley v. Arkansas Blue Cross & Blue Shield,* 147 F.3d 774, 776 n. 4 (8th Cir.1998) (noting that "conducting limited discovery for the purpose of determining the appropriate standard of review does not run afoul of the general prohibition on admitting evidence outside the administrative record for the purpose of determining benefits"). But because Wagner has not shown "good cause" in support of her request, we affirm the court's decision below denying discovery. *See* Fed.R.Civ.P. 26(b)(1); *DeFelice v. American Int'l Life Assur. Co.,* 112 F.3d 61, 66 (2d Cir.1997).